### SOUTHERN LIGHTERAGE & WRECKING CO. v. UNITED STATES.

(District Court, E. D. Louisiana, New Orleans Division. January 13, 1921.)

#### No. 16363.

Admiralty ⊙⟹22—Suit for collision with piles held not within admiralty jurisdiction.

> A group of piles in the Mississippi river at the foot of a street in New Orleans, used for the mooring of vessels or to keep them in deep water while unloading, *held* a land structure and a suit for injury to them caused by collision with them by a steamship not within the admiralty jurisdiction.

In Admiralty suit by the Southern Lighterage & Wrecking Company against the United States. On exceptions to libel for want of jurisdiction. Exceptions sustained.

Decree affirmed. 260 U. S. ——, 43 Sup. Ct. 91, 67 L. Ed. ——.

E. Howard McCaleb, of New Orleans, La., for libelant.

Terriberry, Rice & Young, of New Orleans, La., for claimant.

FOSTER, District Judge. In this case a libel was filed against the United States, to recover damages caused to a cluster of piling in the Mississippi river, at the foot of Egania street, in the city of New Orleans, by a collision with said piling by the steamship Oscaloosa, operated by the Emergency Fleet Corporation.

An exception is filed to the jurisdiction of the court to entertain the case in admiralty. It is well settled that admiralty has no jurisdiction over a case arising from the collision of a vessel with a wharf, or the piers of a bridge or any structure connected with land, although it is partly in water. It is also settled that admiralty has jurisdiction over a case arising from a collision between a vessel and a buoy, or a light house connected with the bottom of a river, on the theory that they are aids to navigation.

It is the contention of libelant that the clusters of piling in the river are aids to navigation similar to a buoy and are not intended to act as a wharf. I do not think the case comes within the exception, and the piling must be held to be in the nature of a wharf, or a structure intended to facilitate commerce on land. They do not mark the channel as a buoy would, and if they serve any purpose at all it is for the mooring of vessels or the keeping of them in deep water when unloading cargo, in which case they would come under the general rule. If they were put there for the purpose of protecting the bank, or protecting something that might be moored between them and the bank, I think the same rule would apply.

The exception will be maintained, and the libel dismissed, without prejudice to any action libelant may have at law.